# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DENNIS SEARS (#74681)**                                                      **CIVIL ACTION**

**VERSUS**

**KATHLEEN B. BLANCO, ET AL.**                                 **NO. 06-0694-BAJ-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 10, 2011.

                                                          **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DENNIS SEARS (#74681)                                         CIVIL ACTION
VERSUS
KATHLEEN B. BLANCO, ET AL.                                    NO. 06-0694-BAJ-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of Bobby Jindal, Larry Clark, Eugene "Pop" Hathaway, Clement LaFleur, Jr., Kenneth A. Jones and Henry W. "Tank" Powell, rec.doc.no. 63. This motion is opposed.

The pro se plaintiff, Dennis Sears, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, originally filed this action pursuant to 42 U.S.C. § 1983 against former Governor Kathleen B. Blanco, former Secretary Richard L. Stalder, Warden N. Burl Cain, and former Louisiana Pardon Board Chairman Ronald Cox. In an Amended Complaint filed in March, 2009, rec.doc.no. 33, the plaintiff named as defendants Governor Bobby Jindal, Secretary James M. LeBlanc, Warden N. Burl Cain, Louisiana Pardon Board Chairman Larry Clark, and Pardon Board members Eugene "Pop" Hathaway, Clement LaFleur, Jr., Kenneth A. Jones and Henry W. "Tank" Powell.[1] The plaintiff alleges that the retroactive application of the 1974 Louisiana Constitution, the 1979 repeal of La. R.S. 15:571.7, and the subsequent enactment of statutory procedural changes to the manner in which Louisiana addresses requests by inmates for pardon or commutation of sentence violate the ex post facto clauses of the United States and Louisiana Constitutions.

---

[1] Typically, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344 (5th Cir. 1994). Inasmuch as the plaintiff's amended complaint in this case did not incorporate his earlier pleading, the Court interprets the amended pleading, which omits former Governor Kathleen Blanco, former Secretary Richard Stalder, and former Parole Board Chairman Ronald Cox, and substitutes current Governor Bobby Jindal, current Secretary James M. LeBlanc and current Parole Board Chairman Larry W. Clark, as substituting the latter defendants in the place of the former, and the Court will consider former Governor Kathleen Blanco, former Secretary Richard Stalder, and former Parole Board Chairman Ronald Cox as having been terminated as defendants to this proceeding.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of an application for clemency filed by the plaintiff on January 6, 1997, a certified copy of correspondence addressed to the plaintiff from the Chairman of the Louisiana Board of Pardons, dated December 16, 1997, and the affidavits of Eileen McCarroll and Mary Strickland.[2]

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

The plaintiff alleges in his Complaint, as amended, that he was indicted in 1971 on one count of first degree murder in Orleans Parish and was later found guilty and sentenced to life imprisonment. He asserts that the subsequent adoption of the 1974 Louisiana Constitution effected a change in the procedures through which prisoners are considered for commutation of sentence and that the retroactive application to the plaintiff's sentence of the 1974 Louisiana Constitution and subsequent statutory amendments, all of which post-date the plaintiff's conviction and sentence, violates the ex post facto clauses of the United States and Louisiana Constitutions. The plaintiff asserts that he has applied to the Pardon Board on multiple occasions, commencing in 1977 and thereafter in 1978, 1980, 1981, 1985, 1987, 1995 and 2005. He asserts that in 1995, the Board recommended commutation of his sentence, but this recommendation was not favorably acted upon by the then Governor prior to the end of the gubernatorial term. The plaintiff's other applications have been denied, with the reasons given for such denials being "the original offense", "his poor prison conduct record", "insufficient self improvement" and "opposition from law enforcement

---

[2] Defendants Warden Burl Cain and Secretary James M. LeBlanc have not participated in the instant motion.

personnel". His most recent application, allegedly filed in 2005, was allegedly denied in 2007.[3] The plaintiff further asserts that in 2005, he forwarded a request to defendant Warden Cain, asking that the defendant submit a recommendation on his behalf to the presiding judge of his criminal trial in accordance with the 1921 constitutional provisions, but this request was denied on August 15, 2005. In addition, the plaintiff asserts that he filed a prison grievance procedure in August, 2005, which was denied by defendant Cain on January 17, 2006, and thereafter by defendant Stalder on March 1, 2006.

In response to the plaintiff's allegations, the defendants contend that the plaintiff's claims are barred by the applicable statute of limitations. Specifically, the defendants contend that any cause of action based on changes to the Louisiana parole procedures which were not in effect at the time of the plaintiff's conviction is prescribed. The defendants reason that the limitations period began to run no later than January 17, 1977, the date upon which the plaintiff first knew that he was proceeding under procedures enacted as a result of the 1974 Louisiana Constitution. Thereafter, according to the defendants' records, the plaintiff made further applications for commutation and/or pardon in August, 1979, March, 1985, July, 1987, February, 1993, January, 1997 and November, 2007.[4] According to the defendants, there is no record of the plaintiff having submitted an application for clemency in 2005, and they aver that the most recent action by the Louisiana Pardon Board prior to the filing of the instant lawsuit is reflected in correspondence dated December 16,

---

[3] The plaintiff's assertion that he filed an application for clemency and/or commutation of sentence in 2005 is not supported by the record. The defendants have submitted a sworn affidavit attesting that the last application for clemency and/or commutation of sentence submitted by the plaintiff prior to the filing of the instant lawsuit was submitted in January, 1997 and was denied in December, 1997. Although the Court has ordered the plaintiff to file documentation reflecting that he filed such an application in 2005, he has responded that he is unable to do so. See rec.doc.nos. 65 and 67.

[4] In the defendants' supporting affidavit, it was initially asserted that the plaintiff submitted applications for commutation of sentence and/or pardon in January, 1997, February, 1973, August, 1979, March 1985, February, 1993, January, 1997, and November, 1997. See rec.doc.no. 63-3. At the request of the Court, the defendants have since clarified and corrected the stated dates and have submitted certified copies of Parole Board documents which confirm the dates as stated above. See rec.doc.no. 66.

1997, wherein then-Chairman Sally L. McKissack advised the plaintiff of the denial of his most recent application. The defendants assert, accordingly, that by the time the plaintiff filed the instant lawsuit in September, 2006, nine years after the denial of his last-filed application, the one-year limitations period applicable to claims brought pursuant to 42 U.S.C. § 1983 had elapsed.

Statutes of limitations exist to protect defendants from stale claims. See, e.g., Order of R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944) ("The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.") Limitation periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." American Pipe and Constr. Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Kitrell v. City of Rockwall, 526 F.2d 715 (5th Cir.), cert. denied, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 379 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code article 3492; Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Washington v. Breaux, 782 F.2d 553 (5th Cir. 1986); Kissinger v. Foti, 544 F.2d 1257 (5th Cir. 1977). Under federal law, a cause of action under § 1983 accrues when the plaintiff knows of or has reason to know of the injury which is the basis of his cause of action. Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980); Longoria v. City of Bay City, Texas, 779 F.2d 1136 (5th Cir. 1986). The limitations period begins to run when the plaintiff either is aware or should be aware of both the injury and its connection to the alleged acts of the defendants. Id. The limitation period applies to claims brought by prisoners based on the alleged violation of the ex post facto clause. Porter v. Ray, 461 F.3d 1315 (11th Cir.), cert. denied, 549 U.S. 996, 127 S.Ct. 516, 166 L.Ed.2d 371 (2006); Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259 (11th Cir. 2003); Lovett v. Ray, 327 F.3d

1181 (11th Cir. 2003).

In response to the defendants' contentions, the plaintiff asserts that the limitations period did not accrue, and so did not begin to run, until his cause of action was recognized by the United States Supreme Court in Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). In Wilkinson, the Supreme Court concluded that a claim by an inmate which challenges parole board procedures but which would, if successful, only result in new or expedited parole review and would not necessarily result in an earlier release from confinement, was properly asserted in a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983. The plaintiff contends, accordingly, that prior to the Wilkinson decision, he had no cause of action under § 1983 and that his claim therefore accrued in 2005, when the Wilkinson case was decided.

The plaintiff is mistaken in this regard. As noted in Hodges v. Director, 2010 WL 2209634 (E.D. Tex., April 2, 2010), the Fifth Circuit has long adhered to the rule stated in Wilkinson. Specifically, "[t]he Fifth Circuit has held that where an inmate is challenging the procedures used by the Parole Board, rather than a single allegedly defective hearing, the lawsuit properly proceeds as a civil rights lawsuit rather than a petition for the writ of habeas corpus. Serio v. Members, Louisiana State Board of Pardons, 821 F.2d 1112, 1118 (5th Cir. 1987). This is the very rule of decision applied in Wilkinson." Id. Accordingly, it has long been recognized in this Circuit that a lawsuit challenging the application of parole procedures to a plaintiff-inmate is cognizable under § 1983 so long as a favorable result will not necessarily result in the plaintiff's release from confinement or in a shortening of the duration of his confinement. See also Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995), cert. denied, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996) (holding that inmate's claim challenging parole procedures which, if successful, "would not automatically entitle [him] to accelerated release", was cognizable under § 1983). It appears, therefore, that the Wilkinson decision did not mark the date upon which the plaintiff's cause of action accrued inasmuch as this cause of action was recognized in this Circuit long before the date of the Wilkinson decision.

It is undisputed in this case that under the 1921 Louisiana Constitution, the Governor of the State of Louisiana had authority to grant pardons and commutations of sentence upon the recommendations of the Lieutenant Governor, the Attorney General, and the judge who presided over the applicant's conviction. In 1974, Louisiana adopted a new Constitution and created a Board of Pardons. Under the 1974 Constitution, the Governor has authority to grant pardons and commutations only upon the recommendation of the Board of Pardons.

It is also undisputed that in 1977, pursuant to the procedures established as a result of the 1974 Constitution, the plaintiff applied to the Pardon Board rather than to the Lieutenant Governor, the Attorney General, and the judge who presided over his conviction, seeking a pardon or commutation of sentence. The plaintiff made similar applications to the Pardon Board in 1979, 1985, 1987, 1993, 1997 and 2007. Accordingly, the record evidence shows that the plaintiff knew or should have known of the retroactive application of the 1974 Louisiana Constitution to his sentence as early as January 17, 1977, the date upon which he complied with the procedures applicable under the new Constitution by submitting his request for commutation of sentence to the Pardon Board rather than to the Lieutenant Governor, the Attorney General, and the judge who presided over his conviction as authorized under the 1921 Constitution. Similarly, the plaintiff knew or should have known of the retroactive application of laws, policies and practices relating to pardons and commutations of sentence enacted thereafter when he last reapplied, prior to the filing of the instant proceeding, for commutation of sentence in 1997. Specifically, the letter of denial of that application, dated December 16, 1997, advised the plaintiff that, instead of re-applying in one (1) year as previously allowed, he could "re-apply six (6) years from the date of this denial" pursuant to La. R.S. 15:572.4(D), enacted in 1997.

Consequently, the plaintiff's claims regarding the retroactive application of the 1974 Constitution accrued in 1978. Further, the plaintiff's claims regarding the retroactive application of laws, policies and practices relating to commutation of sentence enacted thereafter accrued no later than 1997, when the plaintiff last reapplied for and was denied commutation of sentence before the

filing of the instant lawsuit. The plaintiff filed his Complaint herein on September 18, 2006, nine years after his last-filed application for commutation was denied. Accordingly, the plaintiff's claims are prescribed.[5]

The plaintiff has also named as defendants herein LSP Warden Burl Cain and Secretary James M. LeBlanc of the Louisiana Department of Public Safety and Corrections. His sole allegation against these defendants is that defendant Cain failed to honor the plaintiff's request in 2005 for submission of a recommendation to the lieutenant governor, attorney general and presiding judge, and that both defendants Cain and LeBlanc failed to respond favorably to the plaintiff's administrative grievance filed in 2005 relative to the alleged retroactive application of parole procedures to his 1971 conviction.

Pursuant to 42 U.S.C. § 1997e(c)(1), this Court has the authority to dismiss any action brought by a prisoner confined in a jail, prison, or other correctional facility, "if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." In addition, an in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A; Denton v. Hernandez, 504 U.S. 25, 112 S.Ct.

---

[5] Although the plaintiff states in conclusory fashion that he filed an application for commutation and/or clemency in 2005, he has failed to provide any evidence to corroborate this assertion, and he has not submitted any affidavit to refute the defendants' sworn assertion, to the contrary, that the plaintiff's last-filed application submitted to the Pardon Board was received by the Board in January, 1997 and denied in December, 1997. In this regard, the law is clear that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials contained in his pleadings. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984). Rather, the non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987). In the instant case, upon the plaintiff's failure to come forward with any affidavit or other evidentiary showing to refute the defendants' sworn assertion, summary judgment should be granted in favor of the plaintiff as a matter of law.

1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). Dismissal under 28 U.S.C. § 1915(d) may be made at any time, before or after service of process and before or after an Answer has been filed. Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).

The Court finds that the plaintiff has failed to state a constitutional claim against defendant Cain and Stalder. Specifically, the plaintiff has no constitutional right to have his informal requests or administrative grievances appeals addressed, investigated, or favorably resolved. Mahogany v. Miller, 252 Fed.Appx. 593 (5th Cir. 2007); Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Moreover, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger, supra:

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

Accordingly, the plaintiff's claim regarding the alleged failure of defendants Cain and LeBlanc to properly address, investigate or respond to the plaintiff's administrative requests is without legal foundation and must be dismissed. Further, in the absence of any allegation that defendants Cain and LeBlanc personally and directly participated in any actions causing the alleged deprivation of the plaintiff's constitutional rights, there is no basis for the imposition of liability against these defendants. See Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Accordingly, these defendants are entitled to judgment as a matter of law, dismissing the plaintiff's claim asserted against them as legally frivolous.

The plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, the Court concludes that it is appropriate for the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the motion for summary judgment of defendants Bobby Jindal, Larry Clark, Eugene "Pop" Hathaway, Clement LaFleur, Jr., Kenneth A. Jones and Henry W. "Tank" Powell, rec.doc.no. 63, be granted, dismissing the plaintiff's claims asserted against these defendants, with prejudice. It is further recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims, that the plaintiff's claims asserted against defendants Burl Cain and James. M. LeBlanc be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e), and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on February 10, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**